# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRIS CRITTENDON,**
          Petitioner,

    v.                                         Case No. 14-C-0109

**MICHAEL MEISNER, Warden,**
**Redgranite Correctional Institution,**
          Respondent.

## DECISION AND ORDER

Chris Crittendon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in February 2014. The respondent has moved to dismiss the petition on the ground that it is barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The judgment pursuant to which Crittendon is confined was entered by a Wisconsin court in 1992. This judgment became final for purposes of 28 U.S.C. § 2244(d)(1) on March 19, 2000, which was 90 days after the Wisconsin Supreme Court denied review of the Wisconsin Court of Appeals's decision affirming the judgment of conviction. See Anderson v. Litscher, 281 F.3d 672, 674–75 (7th Cir. 2002). The one-year limitation period began the following day and expired on March 19, 2001. See United States v. Marcello, 212 F.3d 1005, 1009–10 (7th Cir. 2000). No application for state post-conviction or other collateral review was pending between March 20, 2000, and March 19, 2001. See 28 U.S.C. § 2244(d)(2). Crittendon has since filed applications for state post-conviction relief, but the first of those was not filed until December 4, 2003, well after the one-year limitations period under § 2244 had already expired. That the state courts may have considered some of these later applications on their merits does not reset the federal clock.

DeJesus v. Acevedo, 567 F.3d 941 (7th Cir. 2009). No facts suggest that Crittendon is entitled to equitable tolling or that he could support a claim of actual innocence. Nor are any other circumstances present which would permit a federal court to consider his petition at this time. Accordingly, the petition must be dismissed as untimely.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint counsel and motion for immediate judgment are **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge